UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARRELLANO, et al., | Case No. 23-cv-00187-ASK |
| Plaintiffs, | |
| v. | **ORDER RE MOTION TO REMOVE PLAINTIFF AS GUARDIAN AD LITEM** |
| SONOMA COUNTY, et al., | Re: Dkt. No. 88 |
| Defendants. | |

Plaintiff Arrellano and his minor son S.A. sue Defendants for the loss of Mr. Arrellano's custody over S.A. Dkt. 61.[1] Defendant Mistry moves to remove Mr. Arrellano as S.A.'s guardian ad litem on the grounds that Mr. Arrellano has lost all custody of S.A. and is prohibited from contacting his son. Dkt. 88. The Court GRANTS Defendant Mistry's motion because the no-contact order severely undermines Mr. Arrellano's ability to represent S.A.'s interests.

## I.    DISCUSSION

Federal courts may issue appropriate orders "to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). The Court has a "duty to ensure that the guardian ad litem will represent the best interests" of a minor. *Rosalia v. City of Hayward*, 2022 WL 420227, at *1 (N.D. Cal. Feb. 11, 2022). Generally, a parent who is also a party to the suit is presumed to be a suitable guardian ad litem. *Brown v. Alexander*, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015). But "[w]hen a parent has an actual or potential conflict of interest with his child," that parent lacks any right "to control or influence the child's litigation." *Id.* (cleaned up).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Since being appointed as S.A.'s guardian ad litem, Mr. Arrellano has lost legal and physical custody of his son. Dkt. 88-3 at 6. He has also been prohibited from contacting S.A. *Id*. at 11. The no-contact order significantly undermines Mr. Arrellano's ability to represent S.A.'s interests in this litigation and thus constitutes good cause to remove Mr. Arrellano as S.A.'s guardian ad litem. *See Brown*, 2015 WL 7350183, at \*2. Accordingly, Defendant Mistry's motion is GRANTED.

**II.    CONCLUSION**

Mr. Arrellano is no longer the guardian ad litem in this matter. Within 14 days of this order, each party must submit a list of three suitable guardians, along with their contact information, their agreement to serve, and a brief explanation of why they would be suitable for appointment as guardian ad litem. *See Bhatia v. Corrigan*, 2007 WL 1455908, at \*1 (N.D. Cal. May 16, 2007).

**IT IS SO ORDERED.**

Dated: February 11, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

2